Auditor's Report.

## ESTATE OF THOMAS LAZARUS, DECEASED.

APPEAL BY EMILY E. HARRISON, ET AL., FROM THE ORPHANS'
COURT OF LUZERNE COUNTY.

Argued April 15, 1891—Decided April 27, 1891.

The testimony as to whether a decedent, by writing and by parol, clearly
acknowledged the existence and obligation of an indebtedness barred by
the statute of limitations, being conflicting, but sufficient, perhaps, to
sustain a finding either way, the finding of the auditor with the witnesses
before him, confirmed by the court below, will not be reversed by the
Supreme Court.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WIL-
LIAMS, JJ.

No. 329 January Term 1891, Sup. Ct.; court below, number
and term not shown.

On November 2, 1889, George B. and Chester B. Lazarus,
administrators of the estate of Thomas Lazarus, deceased, filed
their first partial account. Exceptions being filed thereto, an
auditor (whose name was not shown) was appointed to hear
and determine the same and to report distribution.

On May 12, 1890, the auditor filed a report in part as follows

VI. George Lazarus presented a claim founded on a note for
$2,000, made by decedent in his lifetime, and remaining unpaid.
From the evidence the auditor finds as conclusions of fact:

1. On March 21, 1876, the decedent made a promissory note
to George Lazarus for $2,000, with interest at six per cent, for
value received, payable ten days after date. Upon the back of
this note there is the following indorsement: "Received, Han-
over, September 10, 1885, five hundred dollars on the within
note. GEORGE LAZARUS."

2. By indenture dated April 1, 1882, the decedent leased to
George Lazarus a lot of land known as the Alexander farm,
for one year, with the privilege of ten years, for the full rent
of $500. George Lazarus went into possession under this lease,

Auditor's Report.

and remained as tenant until his father's death, paying rent thereon and taking receipts therefor up to April 1, 1885.

3. In the year 1885, B. M. Espy, Esq., acting as attorney for George Lazarus, informed decedent that the aforesaid note was outlawed, and requested decedent to give George a renewal in some shape. Decedent acknowledged his indebtedness to George upon the note, and said "that George was indebted to him for some rent, and he would indorse that on the note and make it good." Pursuant to this understanding, decedent, on September 10, 1885, signed and gave to George Lazarus a receipt as follows: " Received, Hanover, September 10, 1885, from George Lazarus, five hundred dollars, in full for rent to April 1, 1886, the same indorsed on note dated March 21, 1876. THOMAS LAZARUS." He subsequently informed Mr. Espy, substantially, that he had directed the application of this $500 in part payment of the note, and that the indorsement of the payment should work a revival of his indebtedness to George Lazarus, who should be satisfied.

4. The claim of George Lazarus remaining due and unpaid, with interest thereon from March 21, 1876, after deducting the payment of $500, paid thereon, amounts to $3,197.

We find as conclusions of law:

1. That the payment of $500 made by the decedent on September 10, 1885, on the note of March 21, 1876, for $2,000, created a new and distinct acknowledgment of the debt, and tolled the running of the statute of limitations against it.

2. That the claim of George Lazarus upon the note, after deducting amount paid thereon, should be allowed, with interest.

Touching the claim of George Lazarus treated in paragraph VI., we remark:

The exceptants contend that the claim is barred by the statute of limitations, and that the words " the same indorsed on note dated March 21, 1876 " contained in the receipt of September 10, 1885, were interlined after Thomas Lazarus had signed it. The rule of law is laid down in Jordan v. Stewart, 23 Pa. 244: " When no disputed claim exists in relation to an interlineation in a deed or other written instrument, the presumption is that the alteration was made before execution; but when a contest exists, and the instrument is offered in evidence and the alteration is beneficial to the party offering the instru-

Opinion of Court below.

ment, it is not to be considered a forgery, but it is incumbent upon him to explain the alteration to the satisfaction of the jury. The burden of proof is upon him, and the question is for determination by the jury."

The testimony offered established the fact that the decedent in 1885, before the indorsement was made, and after notice that the statute barred a recovery, and that such indorsement would toll the statute and work a revival, distinctly acknowledged his indebtedness upon the note ; and, subsequently, after the date of the indorsement, and of the receipt containing the alleged interlineation, declared to Mr. Espy that he had " fixed the receipt for rent on the back of the note, and that ought to be sufficient ;" that he " had fixed that up satisfactorily with George by making that indorsement, and he ought to be satisfied." He also declared to C. B. Lazarus, in the fall of 1885, " that George had a note of $2,000, and that he had indorsed a year's rent upon it, going to let it go on that note." Throwing out of view everything but the testimony of Mr. Espy, and the note and receipt, (there being no positive evidence in disproof of the claim,) it is clear that the decedent was indebted to George Lazarus on this note in the sum of $2,000, and that he distinctly and unequivocally acknowledged the existence of the debt in the year 1885, both before and after the indorsement of $500 paid thereon. This acknowledgment is sufficient to remove the bar of the statute : Wesner v. Stein, 97 Pa. 322.

The auditor reporting a distribution allowing the claim of George Lazarus, Emily E. Harrison and others, distributees, filed exceptions. Said exceptions having been argued, the court, on October 13, 1890, filed an opinion in part as follows:

In regard to the demands of George B. Lazarus, we think the auditor has come to a correct conclusion. Mr. Espy's testimony is clear, distinct and positive that the decedent's attention was directly and specially called to the note in question, by him as attorney for George B. Lazarus, and that he acknowledged the debt and also referred to the receipt on the note. Mr. C. B. Lazarus's testimony is also very clear upon the subject, and of the same import. The testimony of these gentlemen is sufficient to toll the statute, without the written evidence produced ; but we think their testimony also fixes the genuine-

ness of the indorsement on the note, and the receipt of September, 1885, with the last line added.  The apparent interlineation is not a forgery, if the testimony of these gentlemen is to be relied upon, and we see no reason for rejecting it.  Mr. Espy was not attorney for Thomas Lazarus when the conversation was had with him.  The claimant had a right to call C. B. Lazarus, or any and all of the adverse parties in interest, to testify.  The friendly relation existing between the two brothers goes only to the question of their credibility, and not to their competency to testify for each other.  We believe the indorsement on the note is genuine, but alone it would not annul the statute, having been made long after the statute had commenced to run.  The receipt of 1885, alone, might be considered doubtful evidence of the acknowledgment of the debt, but these, with the testimony of the witnesses named, are to us convincing beyond a doubt.  There is no doubt about the genuineness of the original note, and not a spark of evidence is produced to show its probable payment in full.

The exception relating to this claim is dismissed.

—A decree, confirming the report of the auditor as to said claim, and directing distribution accordingly, having been entered, the exceptants took this appeal, specifying the dismissal of said exceptions and the decree of distribution, for error.

*Mr. L. H. Bennett* (with him *Mr. A. R. Brundage*), for the appellants.

Counsel cited: Shaffer v. Shaffer, 41 Pa. 51; Jordan v. Stewart, 23 Pa. 244; Landis v. Roth, 109 Pa. 621; Hobough v. Murphy, 114 Pa. 358; Mayfarth's App., 1 Cent. R. 398; Kyle v. Wells, 17 Pa. 286; McKinney v. Snyder, 78 Pa. 497.

*Mr. John S. Harding* (with him *Mr. Garrick M. Harding* and *Mr. C. F. Bohan*), for the appellee.

PER CURIAM:

The thirteen assignments of error all point in one direction.  In different forms they present the question whether there was sufficient evidence to take the note in controversy out of the statute.  While the testimony was conflicting, there was enough, perhaps, to sustain either view of the case, and it became the

Syllabus.

duty of the auditor and the court below to weigh it, and decide as to which side the scale inclined. The master held there was a sufficient acknowledgment of the debt, and in this he was sustained by the court below. The case is exceedingly close upon the facts, and the writer is by no means sure that he would have reached the auditor's conclusion had he been in his place. But it by no means follows that, because we think the auditor might have found the other way, we would be justified in reversing his finding, sustained, as it is, by the opinion of the learned judge of the Orphans' Court. They are both in a better position to consider and decide questions of fact than we are, and we would not reverse merely because we would have sustained the finding had it been the other way. We do not feel safe in saying that error has been committed in this case.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.