## Cameron, Secretary of Banking, v. City Bank of York.

*Attorney-at-law—Counsel fees—Liquidation of bank—Evidence.*

In a proceeding to liquidate a State bank, a counsel fee of $35,000 to the liquidator's counsel will be allowed, where it appears that the counsel devoted practically his entire time for two years to the liquidation of the assets, which amounted to upwards of four million dollars, and for two more years devoted much of his time to the same work; that the work of the counsel covered many unusual phases of the law; that such work required legal research and unremitting labor in addition to heavy responsibility; that the assets of the bank were largely increased by his industry and skill, and that the amount of the fees was supported by the testimony of honorable and experienced members of the bar and approved by the Secretary of Banking.

Exceptions to petition of Robert S. Spangler for counsel fees. C. P. York Co., Aug. T., 1923, No. 51.

*R. P. Sherwood,* for exceptions; *Walter B. Hays,* contra.

NILES, P. J., Nov. 15, 1926.—The question now presented in this case is brought before the court in a somewhat unusual manner.

From April 24, 1923, the liquidation of the City Bank has been in the control of Peter G. Cameron, as Commissioner and Secretary of Banking, in accordance with proceedings in this court. Hon. Robert S. Spangler was appointed with the approval of the Attorney-General, and has served, and is still serving, as special counsel.

Jan. 18, 1926, Mr. Spangler's petition was presented to this court, joined in by Hon. George W. Woodruff, Attorney-General, and Peter G. Cameron, Secretary of Banking, setting forth the professional services of Mr. Spangler, his receipt of $15,000 on account thereof, and his claim for $20,000 in addition, making $35,000 as full payment to and including the final winding up of the estate. The court was requested to adjudicate, fix and determine the balance of counsel fee. This request was joined in by counsel for the other parties interested. The court accepted the duty and approved the payment of $20,000 for a balance of counsel fees, subject to the right of any one interested to except thereto on future accounting and distribution.

The Banking Commissioner in his second account, filed Feb. 4, 1926, takes credit for counsel fees, making a total of $35,000. To this exceptions were filed by counsel for the Citizens Savings and Trust Company as a party interested. Hearing in open court was had, testimony taken and argument made.

The evidence establishes, without contradiction, that: For a period of more than three and one-half years Mr. Spangler has been engaged in advising the Secretary of Banking in the legal steps and proceedings necessary in conserving the assets, in collecting from debtors, defaulting officers, sureties and

Cameron, Secretary of Banking, *v.* City Bank of York.

stockholders, such sums as were recoverable. At the time of the closing of the bank, the liabilities amounted to $5,289,251.49, and its assets were appraised at $3,929,118.98. The first account, filed Aug. 11, 1924, shows assets of $4,482,238.13, an excess over the appraisement of approximately a half million dollars, in large part due to the skill and diligence of counsel. The business was of such magnitude as to require 284 pages in the first account and 57 pages in the second account, filed Feb. 4, 1926, including classification of creditors. The number and variety of the legal questions necessarily involved require diligence, efficiency and skill of counsel to such an extent as to occupy his time and attention almost exclusively. There were controversies between different classes of creditors, incidental to which were 68 exceptions to the first account represented by able attorneys, requiring the time of counsel of the Secretary of Banking, and concentrated and constant legal investigation and ability. Investigation of the facts and law and preparation for instituting of suits and for their trial and settlement required efficiency and learning. The preparation and supervision of the proceedings incident to the final transfer of the residue of the assets to the value of $1,251,000 to the Citizens Savings and Trust Company were performed satisfactorily by the counsel of the secretary. Delicate legal services were rendered, also, in obtaining repayment of income tax from the United States Government, and in the collection and negotiations and settlement of the various surety bonds. During the first two years, practically the entire time of counsel was devoted to the work, and since then counsel has been continuously and absorbingly engaged therein.

The undisputed evidence shows that: Every available asset and benefit that might accrue to creditors and depositors has been conserved. The work imposed upon counsel has covered many and unusual phases of the law, and required legal research, diplomacy and unremitting labor, in addition to heavy responsibility. The remarkable result that depositors have already realized 93 per cent. of their original claim is, to a great degree, due to his industry and skill.

Taking into consideration the services rendered, as shown in the record and the testimony, the magnitude of the estate, the size, number and variety of collections, the time consumed and the amount of legal research required and furnished by counsel, the amount, quality, diversity and success of the litigation conducted, the number and variety of legal papers prepared, the voluminous correspondence, interviews and business trips with which counsel was burdened at his personal expense, the fact that he has already been engaged in the matter of liquidation for a period of more than three years, and another year will be consumed before the final winding up of the estate and counsel be relieved from responsibility, and impressed by the uncontradicted evidence of representative, honorable and experienced leaders of the bar, and taking into consideration the written communication from Peter G. Cameron, Secretary of Banking, dated Oct. 2, 1926, which was filed at the hearing (approving the charge of Mr. Spangler as a reasonable one), the court would hesitate to disregard such weight of evidence and professional opinion. While the opinion of these conservative and experienced practitioners is not conclusive, it is entitled to consideration in deciding the reasonableness of the fee: Myers's Estate, 253 Pa. 537; Scott *v.* Bergdoll, 270 Pa. 324; Walters's Estate, 19 Dist. R. 293.

Analysis of the services rendered, as shown by the court records and the testimony, reveals an amount of attention and efficiency required and given, and to be rendered, by Mr. Spangler, covering upwards of four years in the important and complicated matters involved, demanding as much legal skill

and learning as is usually expected from a judge on the bench, and demanding more time than is required from him.

We do not differ from the unanimous opinion of the well-qualified lawyers who testified in this case.

And now, to wit, Nov. 15, 1926, the payment by the Secretary of Banking of $20,000 for balance of counsel fees is finally approved, and the exceptions thereto are dismissed.

From Richard E. Cochran, York, Pa.