Estate of J. Howard Mendenhall, Dec'd.

Argued November 19, 1929. Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Henry J. Scott,* and with him *Harry E. Apeler,* for appellant.

*H. J. Makiver,* for appellee.

OPINION BY TREXLER, J., January 29, 1930:

We are to consider whether a charge of 5% by an executor as commissions on personalty and of five per cent on real estate is excessive. We start out with the presumption that the amounts approved by the orphans' court are right. "It is a matter peculiarly within the province of the court who in most cases is better able to judge of the reasonableness of such charges than the appellate court, and unless the discretion has been clearly abused, the judgment of the lower court in such matters must stand." Griffith Est., 96 Pa. Superior Ct. 242, and cases there cited.

In the present case, the decedent appointed Marie H. Mendenhall and Joseph H. Mendenhall, executors. In the start they acted together and engaged Mr. Makiver to represent them as attorney-at-law. There was an inventory made, the personal property was appraised and the various chattels were sought out and arranged for sale. For some reason, Joseph H. Mendenhall, the appellant, dropped out and the duties in connection with these matters were performed by Marie H. Mendenhall. Several weeks were required in preparing for the sale. There had not been a sale on the property for eighty years and there was a great accumulation of various articles, some of which were not known to exist. The sale brought in round numbers eighteen hundred dollars more than the inventory. There was a mortgage to collect, involving some matters to be adjusted before settlement could be made, an insurance policy was paid and other matters required attention.

The debts exceeded the sum realized for the personal property and recourse to the real estate was necessary.

Conferences were held between Marie H. Mendenhall and her brother, Mr. Makiver still acting for both and finally an offer of $22,500 for one of the farms of decedent was obtained. In the meanwhile Joseph had secured an attorney to look after his interest. Through his attorney, he refused to join in the sale. A petition was presented to the orphans' court by Marie H. Mendenhall which granted an order of sale for the payment of debts and the property was sold for $14,000.

The accountant was active in securing a purchaser and assisted him in financing the purchase. Considering the services rendered, the accountant is clearly entitled to the commission of five per cent on the personalty. It is the usual commission allowed, varying with the work done and the size of the estate.

In regard to the real estate, we do not think enough has been shown to justify a charge of five per cent. It is true the acting executrix secured an offer of $22,500 for the farm, but this sale was to be by the heirs as heirs and this transaction which was never consummated should not add any extra amount to her compensation. Joseph H. Mendenhall was within his rights in refusing to join in the sale. He had a right to follow his own judgment, although it proved to be poor. When the property was sold, the accountant was active in getting a purchaser for the property, but the sale was by competitive bidding and she cannot claim that she secured the bid, for Joseph started the bidding and ran up the property until the sum at which the property was knocked down was reached. We all think that 3% on the real estate is sufficient compensation for the accountant and that item of the account is correspondingly reduced.

As to Mr. Makiver's claim, as attorney, to set out what services he performed would require a repetition of the above narrative. Much of his trouble arose from the attitude of Joseph Mendenhall, and his re-

fusal to cooperate. He had "hundreds of interviews with Miss Mendenhall and many with Joseph Mendenhall in reference to the settlement of the estate and with the creditors." He characterizes his activities by saying, "I have had a continuous performance for almost a year, over a year now." We see no reason for changing the conclusion of the lower court "after hearing the testimony of Marie H. Mendenhall and Mr. Makiver and on evidence having been offered to refute either, I am of the opinion that the fee is a reasonable one and is not excessive."

The other assignments are directed to the exclusion by the court of certain offers of proof showing the strained relations between Miss Mendenhall and her brother. The court properly confined the testimony to evidence of the services performed by the accountant in the settlement of the estate, and properly ruled that the necessity for selling the real estate had been passed upon by the court when it issued the order of sale.

The decree of the lower court is modified in respect to the commissions charged on the proceeds of sale of real estate which are fixed at 3%; otherwise the decree is affirmed. The appellant to pay the costs.