In Re: Estate of Wilson J. Hartzell, Dec'd. Maxwell R. Hartzell, Appellant.

Argued March 22, 1932.

138

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ. 

*Orrin E. Boyle,* for appellant.

*Lawrence H. Rupp* of *Butz & Rupp,* for appellee.

Opinion by Stadtfeld, J., July 14, 1932:

This is an appeal from the decree of the orphans' court of Lehigh County, dismissing exceptions to, and confirming, the auditor's report in the estate of Wilson J. Hartzell, deceased.

According to an agreed statement of the case, joined in by counsel for both appellant and appellee, the following facts are admitted:

Wilson J. Hartzell died testate on April 29, 1923, and by his will appointed his son, Walter T. Hartzell as his executor. By a codicil dated July 16, 1914, he provided, inter alia, as follows:

> "Whereas I am engaged in the printing and publishing business and it may prove advantageous to my estate to continue the same for some limited period after my death, now therefore, I do hereby authorize and empower my executor to continue said printing and publishing business so long as he may deem it beneficial to my estate to

do so, but not longer than for a period of ten years after my death, hereby authorizing and empowering him to retain and continue in said business such capital as I may have employed therein at the time of my death. My executor shall not be responsible to my estate for any loss or losses which may happen in said business, by bad debts or otherwise, during the time he may conduct the same, but such losses shall be borne by my estate.''

Walter T. Hartzell, the executor, conducted this printing and publishing business from the date of the testator's death to the time of hearing the exceptions to his account, under the business or trade name of ''Welt-Bote Publishing Company,'' which the testator had used during his lifetime.

To the executor's first and partial account confirmed by the court on December 7, 1925, exceptions were filed by Maxwell R. Hartzell and Arthur R. Hartzell, two sons and heirs at law of the testator, to a claim by accountant for compensation of $2371.91 as commissions earned on the income of the business, in addition to a salary of $25.00 per week with which he had credited himself on the books of the company.

The auditor appointed by the court to pass upon these exceptions, found as a fact that the accountant had received this salary pursuant to an agreement between the heirs and the executor, under which the latter was to manage or run the Welt-Bote Publishing Company. The auditor disallowed these commissions, and surcharged the accountant with the amount thereof. This report of the auditor was confirmed nisi by the court on January 17, 1927, and no exceptions to the findings of fact and conclusions of law were filed by the executor-accountant.

In response to a citation, the executor filed his second and partial account which was confirmed nisi by

the court on April 1, 1929, to which exceptions were filed by Maxwell R. Hartzell and Arthur R. Hartzell hereinbefore named. The court again appointed the same auditor, John H. Diefenderfer, Esq., to pass upon the exceptions. The auditor employed a certified public accountant to make a statement or restatement of the accounts of the executor, and which report so made was a part of the record. The only exception which remained to be passed upon by the auditor is the question of the said Walter T. Hartzell changing his salary or drawing account as manager of the Welt-Bote Publishing Company under the last will and testament of Wilson J. Hartzell, from twenty-five dollars ($25.00) per week to forty dollars ($40.00) per week from the week ending October 22, 1927 to February 20, 1929, the date of the filing of the second and partial account.

The auditor, after hearing of testimony, made his report, and found, inter alia, as facts that under an agreement between the heirs and the executor, the latter had been drawing a salary of $25.00 per week, the terms of which agreement are now disputed. That the executor considered the agreement to be $25.00 per week and commissions which were later disallowed, and upon which disallowance he increased his salary to $40.00 per week. The heirs contended that the agreement had nothing to do with commissions, and that he had agreed to work and run the publishing company for $25.00 per week. That, as a result of this disagreement, the auditor found that there was no meeting of the minds as to the exact terms and conditions of the alleged agreement, and that upon the disallowance of the commissions, amounting to $2,371.91, the executor as manager of the publishing company, drew as a salary the sum of $40.00 per week, which he considered a just and reasonable salary for the services rendered. The auditor found that the said salary is a fair and reasonable salary for the

services rendered in conducting said business. The auditor found as a matter of law that the accountant is entitled to the said sum of $40.00 per week as salary from the week ending October 22, 1927 to February 20, 1929 for conducting said business.

Exceptions to the findings and conclusions of the auditor were overruled by the court, RICHARD W. IOBST, J., and the report of the auditor adopted and confirmed. From that decree this appeal is taken.

It appears from the restatement of the account, forming part of the record, that on a capital of $20,002.38, the executor continued the business of the Welt-Bote Publishing Company, and from April 29, 1923 to February 20, 1929 realized as total income, the sum of $107,758.40, with expenditures of $84,794.70, leaving a net income during that period of time of $22,963.70. The profits thus realized from the business were paid from time to time to the various legatees named in the will. It also appears from the testimony that the executor devoted his entire time to the managing of the business.

We have carefully read the testimony, and on the point of the alleged agreement, the same is conflicting, and is insufficient to show a meeting of the minds such as would establish a contract for a specific sum. As stated by the learned judge in the court below:

"The findings of an auditor will not be disturbed so long as they are fairly supported by the evidence: Barnes' Est., 221 Pa. 399; Covington v. Hawes-LaAnna Co., 245 Pa. 73; Myers' Estate, 253 Pa. 537. The testator gave the executor full authority to conduct the business for a period of ten years, he made no provisions for his payment. He left both to his discretion. The executor was hampered by no conditions. He assumed the responsibilities, devoted all his time and attention to the management thereof, and himself fixed the

value of his services. He exercised care in the operation of the business and nowhere does it appear that he is charged with negligence. The business has proven profitable, producing dividends which were distributed among the heirs of the decedent. He has claimed no greater salary than that received by ordinary skilled mechanics in the community.''

In the estate of J. Howard Mendenhall, 97 Pa. Superior Ct. 582, our court in an opinion by our brother, Judge TREXLER, said:

"We start out with the presumption that the amounts approved by the orphans' court are right. It is a matter peculiarly within the province of the court who in most cases is better able to judge of the reasonableness of such charges than the appellate court, and unless the discretion has been clearly abused, the judgment of the lower court in such matters must stand. Griffith's Estate, 96 Pa. Superior Ct. 242, and cases therein cited.''

In Barnes' Estate, 221 Pa. 399, the court said:

"This is an appeal from a finding of fact by the orphans' court. In asking us to reverse the decree that followed it, counsel for appellant cite the Act of June 16, 1836, P. L. 683, which makes it our duty, on an appeal from the orphans' court, 'to hear, try and determine the merits' of the case, and 'decree according to the justice and equity thereof.' We are not, however, in discharging this duty, to disturb a finding of fact by an auditing judge, confirmed by the court, unless there be no evidence to support it, or it is clearly so erroneous that to uphold it would be injustice: Thompson's Appeal, 103 Pa. 603; Lazarus's Estate, 142 Pa. 104. We might affirm the decree be-

low without saying more, for it is based upon a fact found upon sufficient evidence."

Nothing can be profitably added to what was said in the opinion by the lower court, and we think that the case was properly disposed of.

The assignments of error overruled, and the decree of the orphans' court is affirmed. Costs to be paid by the estate.