## Wade's Estate.

Argued November 28, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Spencer R. Liverant,* for appellant.

*Horace G. Ports,* of *Fisher, Ports & May,* with him *Samuel K. McCall,* for appellee.

OPINION BY MR. JUSTICE DREW, January 5, 1942:

This is an appeal on behalf of Jean Lois Wade, now Schwartz, a minor, from a final decree of the Orphans' Court of York County, confirming the first triennial account of the guardian of her estate, York Trust Company, and dismissing her exceptions thereto.

Pearl E. Page died on April 13, 1935, and by her will bequeathed, among other things, a ladies' ready-to-wear dress shop to her husband, Orpheus C. Page, and the minor, her daughter by a previous marriage, share and share alike. At the adjudication of the executors' account, a half interest in this asset was accordingly decreed in kind to the guardian. After petitioning the learned court below for leave to sell the minor's interest

and receiving such authorization on May 18, 1936, the guardian sold the same to Orpheus C. Page, the then owner of the remaining half interest, at a price of $6,098.14. This was the amount at which a half interest in the business was valued in the Auditor's report in the Estate of Pearl E. Page, Deceased.

The primary contention of the minor is that her interest in the business was worth substantially more than that amount and that her guardian was grossly negligent in making the sale. The only testimony offered in behalf of the minor to substantiate this argument was that of her guardian ad litem, an accountant, appointed by the court below, following the filing of exceptions by the minor's next friend, to audit the books of the business and examine the basis of the sale. This witness devoted his entire testimony in pointing out that the minor's half interest had been undervalued in the Auditor's report to the extent of $2,342.46, due to two errors in the reasoning by which the valuation was ascertained. Obviously, the mere fact of such errors would not render the guardian liable for a surcharge to the extent thereof, for the amount set forth in the report was derived from an appraisal made for inventory purposes. Therefore, even if the appraised value had been determined by the Auditor as $8,440.60, instead of $6,098.14, nevertheless that figure would not be conclusive proof of the actual worth of the half interest in question. It would be but evidence of value, which, of course, would be subject to rebuttal. See *Semple's Estate,* 189 Pa. 385, 393. The clear preponderance of the testimony in the instant case indicates that the sale was made for a fair and reasonable price.

It is further argued in behalf of the minor that the guardian should be surcharged in the arbitrary sum of $20,000 for the good-will of the business. There is no evidence whatsoever that the good-will had any real worth. That it was not an asset subject to sale by the guardian is made evident, among other things, by the fact that the business was built primarily on the reputation of Mrs. Page.

Moreover, the auditing judge found, from the uncontradicted testimony adduced by the guardian, that the latter, in ascertaining whether or not to accept the offer of $6,098.14 made by Mr. Page, did not rely solely upon the appraisal as set forth in the Auditor's report, but also took into consideration the hazardous nature of the particular business in question, that its successful operation depended primarily on Mrs. Page's reputation, that the operating statements following her death indicated a marked decline in the business, and the further fact that the undivided half interest of the minor in such a going concern was not as salable as a full ownership, due to the fact that the owner of the remaining portion would not be required to accept the purchaser as a partner. From these findings, the learned court below properly concluded that the guardian had not been guilty of negligence in making the sale. The general rule is that a fiduciary must exercise common prudence, common skill and common caution in the performance of its duties (*Casani's Estate*, 342 Pa. 468, 470), and the court below determined that the guardian, under the circumstances here presented, so performed its duty in selling the minor's interest. There is ample evidence to support the findings: *Quinn's Estate*, 342 Pa. 509, 514. Moreover, the guardian having shown the order of court authorizing the sale in question, the burden was then upon the minor to show that that order was improper. See *Carpenter's Estate*, 123 Pa. Superior Ct. 190, 193. This she has failed to do.

But in any event, the record here under consideration is entirely devoid of any evidence that the minor suffered any loss by this sale. There is nothing whatever to indicate that the purchaser, Mr. Page, would have paid any more than $6,098.14, or that any other responsible person or persons would have been willing to purchase the half interest at any greater figure. Thus, even if it had been found that the guardian did not exercise the required measure of care in disposing of her interest,

524

the minor has not shown that she has been damaged in any way thereby.

It is also contended that the guardian should be surcharged to the extent of $725, representing one-half of the salary drawn by Mr. Page for his operation of the business during the period of time in which he was also acting as executor of the Estate of Mrs. Page. The auditing judge found as a fact that the compensation paid to him for these services, other than those of executor, were not excessive. The matter of such compensation is peculiarly within the province of the court below, and the appellate court will not interfere unless the discretion has been clearly abused. See *Estate of J. Mendenhall, Deceased,* 97 Pa. Superior Ct. 582, 583. Under the circumstances, we see no reason to disturb the finding of the court below.

Decree affirmed.