J. S58034/18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE:  JOSEPHINE A. GALLO, AN INCAPACITATED PERSON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| MARGARET GALLO | : | |
| | : | |
| v. | : | |
| | : | |
| PETER GALLO, | : | No. 554 WDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Order, March 28, 2018,
in the Court of Common Pleas of Cambria County
Orphans' Court Division at No. 11-13-995

BEFORE:  OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      FILED FEBRUARY 04, 2019

Peter Gallo appeals the order of the Court of Common Pleas of Cambria County that surcharged appellant in the amount of $28,715.63 payable to the Estate of Josephine A. Gallo ("decedent").   After careful review, we affirm.

The background and relevant findings of fact as found and recounted by the trial court are as follows:

> On January 22, 2014, after receiving testimony, the Court concluded that [decedent] was an incapacitated person and appointed her son, [appellant], as the plenary guardian of her Person and Estate.   On January 7, 2015, the Petitioner herein, Margaret Gallo ("Margaret") who is the daughter of [d]ecedent and sister of [appellant,] filed a Petition for Review Hearing alleging that

[d]ecedent was not being cared for properly by [appellant] nor was [appellant] accounting for her expenses. An Amended Petition was filed by Margaret on February 16, 2015 alleging additional deficiencies in [appellant's] care of [d]ecedent. On February 20, 2015 this Court ordered Cambria County Area Agency on Aging ("Agency") to make frequent, random and unannounced visits to the residence of [d]ecedent and to report to the Court. Throughout 2015, the Court received reports from the Agency indicating that [d]ecedent was being properly cared for, however, in at least one of these reports [appellant] would refuse to identify the full names of the caretakers of [d]ecedent to the Agency investigator.

On June 18, 2016, [d]ecedent passed away. On September 22, 2016, as noted above, the instant Petition ["Objections to Final Report of Guardian of Estate"] was filed. On October 20, 2017, [appellant] submitted to the Court an unfiled Accounting of the Guardianship Estate. After several continuances, a hearing was held by the Court on January 30, 2018. As a result of the hearing, the Court makes the following:

### FINDINGS OF FACT

1.  At the hearing on January 30, 2018, [appellant's] answers to questions regarding the compensation for [d]ecedent's caretakers were evasive and inconsistent.

2.  When questioned by the Court, [appellant] continued to provide little to no explanation regarding who the caretakers were, how often they were paid and by what measure they were paid.

3.  He indicated he had comingled his funds with those of [d]ecedent and that he had contributed sums of money to her account and reimbursed himself therefrom.

4.    [Appellant's] testimony was not credible.

5.    [Appellant] expended $28,715.63 of [d]ecedent's principal assets without Court approval and has not satisfactorily nor credibly established where those sums went.

Trial court opinion, 3/28/18 at 1-2, ¶¶ 1-5.

The trial court concluded:

Based on the testimony of [appellant] under cross examination and in response to the Court's inquiries, it is clear that he has not exercised the type of skill, prudence and/or caution that the law mandates he must in his former capacity as guardian for [d]ecedent. The argument made that the cost of [d]ecedent's care would have been much more had she been in an assisted-living facility does not relieve [appellant] of his fiduciary duties. Having found his testimony to be not credible and having given [appellant] every opportunity to account for amounts that were purportedly spent for the care of [d]ecedent, the Court determines that he has not done so in a way that the Court can countenance.

Id. at 3.

Appellant filed a notice of appeal on April 12, 2018. On April 12, 2018, the trial court ordered appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant complied with the order on April 30, 2018. On May 17, 2018, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, appellant raises the following issues for this court's review:

I.    Whether or not the Trial Court erred in failing to adequately identify the basis and methodology of arriving at or calculating the surcharge imposed upon [a]ppellant[?]

II.    Whether or not the Trial Court erred in surcharging [a]ppellant where no "loss" to the Estate at issue has been clearly identified[?]

III.   Whether or not the Trial Court erred in failing to give consideration and/or weight to the argument that any alleged "loss" would have been greater had [a]ppellant enrolled his Ward in a nursing home rather than care for her in her home and the evidence that the Ward was well taken care of at her residence[?]

IV.    Whether or not the Trial Court erred in surcharging [a]ppellant to compensate Beneficiaries for a loss caused by a fiduciary's failure to meet his standard of care when no consideration or allowance is made for the fact that [a]ppellant is one (1) of four (4) Beneficiaries which would necessitate a decrease in the surcharge by twenty-five (25%) percent[?]

V.     Whether or not the Trial Court erred in failing to acknowledge and recognize that the joint account for which payment allegedly made for the benefit of the Ward was established by the incapacitated, evidencing her testamentary intent to leave the same to [a]ppellant and any "loss" associated with [a]ppellant's decisions were a "loss" to [a]ppellant only, not to his Ward's Estate[?]

Appellant's brief at 4-5.

We begin our analysis with our standard of review:

When an appellant challenges a decree entered by the Orphans' Court, our standard of review "requires that we be deferential to the findings of the Orphans' Court." In re Estate of Miller, 18 A.3d 1163, 1169 (Pa.Super.2011) (en banc).

> [We] must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.
>
> *Id.* (alterations and citation omitted). Evaluating the reasonableness of the amount of a surcharge is within the province of a trial court. *In re Wade's Estate*, 343 Pa. 520, 23 A.2d 493, 495 (1942). Absent an abuse of discretion, we will not disturb a trial court's finding. *Id.*

*In re Estate of Brown*, 30 A.3d 1200, 1206 (Pa.Super. 2011).

When a party seeks to recover assets misused by a fiduciary, it is seeking to surcharge the fiduciary. "[I]t is well settled in this Commonwealth that a fiduciary who had negligently caused a loss to an estate may properly be surcharged for the amount of such loss." *Estate of Lohm*, 269 A.2d 451, 454 (Pa. 1970). A surcharge is the penalty imposed for the failure to exercise common prudence, common skill, and common caution in the performance of a fiduciary duty and is imposed in order to compensate beneficiaries for a loss caused by a fiduciary's lack of due care. *In re Estate of Schultheis*, 747 A.2d 918, 927 (Pa.Super. 2000). The objecting party bears the burden of proving wrongdoing on the part of the

fiduciary. Once the objecting party establishes evidence of wrongful conduct, the burden shifts to the fiduciary to prove due care. Id. "Where a fiduciary claims credit for disbursements made by him, the burden rests upon the fiduciary to justify them. Proper vouchers or equivalent proof must be produced in support of such credits. Accountant's unsupported testimony is generally insufficient." Strickler Estate, 47 A.2d 134, 135 (Pa. 1946).

Appellant addresses his argument to the first three issues simultaneously because he believes that all three issues are interrelated and that separate arguments for all three would be duplicative. In these first three issues, appellant essentially argues that the trial court failed to identify how it calculated the surcharge and that even if there was a loss, the alleged loss to the estate was much less than it would have been if decedent had been placed in a nursing home.

This court does not agree with appellant's reasoning concerning the calculation of the amount of surcharge. In the "Final Report of the Guardian of the Estate of Josephine Gallo, an Incapacitated Person," which appellant prepared, Paragraph III.A.2.b. lists expenditures for caregivers as $57,670.79. Paragraph III.B.1. lists total income received during the report period as $28,955.16. In the "Objections to Final Report of Guardian of Estate, filed by Margaret Gallo," these amounts are both listed, and the objection stated that the accounting did not provide detail as to the dates, amounts, and caregivers paid from income and principal of decedent and

that appellant failed to obtain court approval for the expenditure of principal for decedent's care and maintenance. ("Objections to Final Report of Guardian of Estate", 9/21/16 at 2.) The amount of the surcharge is the difference between the amount expended for caregivers, $57,670.79, and the income the estate received, $28,955.16 or $28,715.63. At the commencement of the hearing on January 30, 2018, Eric Hochfeld, Esq., attorney for Margaret Gallo, stated that there was an expenditure of principal assets of $28,715.63 for paid caregivers and explained the calculation of total expenses for caregivers minus estate income described above. (See notes of testimony, 1/30/18 at 3-5.)

In its opinion pursuant to Pa.R.A.P. 1925(a), the trial court explained that there was not an adequate accounting provided to it to explain this expenditure when the trial court specifically found appellant not credible. The trial court further explained that there was no credible explanation for the expenditure and no supporting documentation. (Trial court opinion, 5/17/18 at 2.) Section 5536(a) of the Probate, Estates, and Fiduciaries Code, 20 Pa.C.S.A. § 5536(a), provides that a court may ratify payments made from principal after the payments are made but is not required to do so. The trial court determined that Margaret Gallo established that there was a lack of care on the part of the fiduciary and that appellant failed to establish due care. This court finds that the trial court did not abuse its discretion when it imposed the surcharge.

Appellant also argues that the loss would have been much greater had he placed decedent in an assisted-living or other nursing facility. However, appellant fails to cite to any authority for the relevance of that statement. The test of whether a fiduciary fulfills his or her requisite duties is not whether the fiduciary's lack of due care resulted in less of a loss than some alternate arrangement. Further, there was no testimony as to what type of care decedent needed and what would have been the cost to the estate if that care had been provided.

Appellant next contends that the trial court erred as a matter of law and abused its discretion in surcharging appellant to compensate the beneficiaries of decedent's estate for an alleged loss where appellant was one of the four beneficiaries of decedent's estate so the amount of the surcharge should be reduced by 25%.

Appellant fails to support this argument with any relevant case law or statute. The trial court surcharged him for his actions as the guardian of the estate of an incapacitated person. The trial court did not surcharge him for his actions as the executor of the estate of decedent. At issue before the trial court was whether appellant discharged his duties as guardian of the estate of a living incapacitated person. While he may receive some of this money back as a beneficiary of the estate of his deceased mother, that issue was not before the trial court.

Finally, appellant argues that the trial court erred when it surcharged him because the joint account from which most of the payments were made in relation to the payment to caregivers was established by decedent with appellant as co-owner on November 1, 2007, and evidenced her intent to leave the same to appellant at her death and/or make a lifetime gift to him so that the only loss was to appellant and not to the estate.

At the hearing, appellant attempted to advance the argument that he and his mother had a joint checking account but that his money went into the account. (Notes of testimony, 1/30/18 at 11-12.) However, he did not mention that the account was intended to be his upon her death and did not provide any evidence of the funds he allegedly contributed to this account. Once again, the trial court did not find appellant credible. There is no evidence in the record to support his argument. The surcharge was applied for actions appellant took as a fiduciary while his mother was alive. Appellant has not established that the trial court abused its discretion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/4/2019